

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROXANNA CERVANTES SEGOVIA, | § | No. 08-21-00008-CR |
| Appellant, | § | Appeal from the |
| v. | § | 441st District Court |
| THE STATE OF TEXAS, | § | of Midland County, Texas |
| Appellee. | § | (TC# CR51839) |

## MEMORANDUM OPINION

Roxanna Cervantes Segovia has filed a notice of appeal[1] from a judgment modifying the terms and conditions of her community supervision. Following an indictment, Segovia pleaded guilty to the offense of assault family violence enhanced. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). The trial court deferred adjudication and placed her on five years' community supervision for the offense. On October 22, 2020, the trial judge signed a judgment modifying community supervision by ordering that Segovia be "confined in a Substance Abuse Felony Treatment Facility for an indeterminate term of not more than one year or less than 90 days and serve 75 DAYS in jail as a condition of community supervision or until the defendant is transferred to a Substance Abuse Felony Treatment Facility, whichever occurs first . . . ." Segovia thereafter

---

[1] This case was transferred from the Eleventh Court of Appeals, pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Eleventh Court of Appeals to the extent it might conflict with our own precedent. *See* TEX. R. APP. P. 41.3.

filed a motion for new trial, which was later denied. On December 28, 2020, Segovia filed a notice of appeal appealing the modification of probation.

Ordinarily, an order modifying the terms of community supervision is not a final, appealable order. *Basaldua v. State,* 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Rojo v. State,* No. 11-20-00259-CR, 2020 WL 7863335, at *1 (Tex. App.—Eastland Dec. 31, 2020, no pet.) (mem. op., not designated for publication); *Evans v. State,* No. 08-03-00185-CR, 2003 WL 21197205, at *1 (Tex. App.—El Paso May 22, 2003, no pet.) (mem. op., not designated for publication); *Urrutia v. State*, No. 07-15-00214-CR, 2015 WL 5301641, at *1 (Tex. App.—Amarillo Sept. 10, 2015, no pet.) (mem. op., not designated for publication). To complain of an error in the modification of probation wherein the case includes confinement and restraint, a defendant must file a writ of habeas corpus. *Basaldua,* 558 S.W.2d at 5. "[T]he imposition of conditions of probation that contain unconstitutional infringements of freedom of action constitutes a 'restraint' within the scope of habeas corpus relief." *Id.* On May 7, 2021, Segovia's counsel filed an *Anders* brief. *Anders v. California*, 386 U.S. 738, 744 (1967). As a preliminary matter, the *Anders* brief asserted there is no constitutional or statutory authority for an appeal of a modification of probation. Segovia asserted, alternatively, however, that this Court may have jurisdiction of the appeal under Article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072.

Article 11.072 establishes the procedure for an application for a writ of habeas corpus in a community supervision case. *Id.* § 1. Article 11.072 provides that an application for such a writ of habeas corpus "must be filed with the clerk of the court in which community supervision was imposed." *Id.* § 2(a). Segovia did not file an application for writ of habeas corpus in the trial court,

2

and this Court has no jurisdiction to entertain an original application for a writ of habeas corpus under article 11.072. *See id*. art. 11.05 (providing that the Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue a writ of habeas corpus); *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011) (confirming that courts of appeals sit only as appellate courts in article 11.072 proceedings); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (appellate procedure).

Because this cases arises from an attempted appeal from a modification of the conditions of probation, as opposed to a revocation of probation, the judgment modifying the probation is not appealable and we lack jurisdiction over the appeal. *Basaldua,* 558 S.W.2d at 5. Moreover, in *Rojo*, our sister court of appeals in Eastland found its jurisdiction had not been properly invoked under the exact same circumstance arising from the same trial court. *Rojo*, 2020 WL 7863335, at *1. Because the judgment from which Segovia attempts to appeal is not a final, appealable order, and because we have no authority to entertain an original application for writ of habeas corpus under article 11.072, we lack jurisdiction over this proceeding.

Accordingly, we dismiss this appeal for want of jurisdiction.


GINA M. PALAFOX, Justice

August 18, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)

3